Per Curiam,
The plaintiff was a contractor for building two sewers for the City of Philadelphia. The larger •■sewer ran through a part of Fail-mount Park, and for about one thousand feet through private property. One of the specifications provided that “ the rock from the necessary excavation shall become the property of the'contractor, excepting such part as may be necessary for the support and protection of the work and embankment and filling.” The gross amount which the city was to pay under the two contracts when completed was $58,000. When the work was about half done and the plaintiff had been paid on account the sum of $23,000, he stopped work and brought suit against the city for $29,888.75 in addition. He claims the right to rescind both contracts, and his suit is upon the basis of a rescission. Tlié principal ground upon which lie claims to rescind is that the private owner, through whose property a portion of the culvert was made, would not allow him to sell and remove the stone taken from that portion of the excavation. It is by no means clear that, under his •contract with the city, the plaintiff was entitled to sell the stone taken out of private property. The contract stipulates that “ should the sewer run through private premises, the city of Philadelphia will pay the compensation for right of way, but no other damages.” The city, and likewise its contractor, would have the right to use -the material taken from private property for the construction of the sewer, but neither the city nor the contractor had the 'right to •sell any portion of it, and this was as well known to the one party .as the other, when the contract was made. It seems irrational to hold that it could have been in the contemplation of the parties to have contracted for a thing that was not within the control of ■either party, and so known to both of them. Conceding, however, ■that the plaintiff was entitled to the stone as against the city, he had no right to sell it during the running of the contract. He had not the right to sell even the stone taken from the property of the city until his contract was completed, for the reason that it was only the *321 surplus stone that became the property of the contractor. The stone necessary for the support and protection of the work and embankment and filling was expressly excepted, and, until the culverts were completed, it could not be ascertained how much of the stone would be needed for the necessary work of the sewers. It might all be required. We see no ground upon which this contractor can rescind his contract with the city, and, having failed to perform it, he was properly nonsuited.
Judgment affirmed.